(Decided July 9th, 1862.)

GEORGE R. H. LEFFLER, garnishee of JOHN LEVI, vs. JOSEPH ALLARD.

Where testimony, offered by the plaintiff, was objected to, but admitted by the court, if the plaintiff did not afterwards avail himself of the decision of the court, but proved the same facts by other evidence, the defendant was not injured by the ruling, even if erroneous.

A plaintiff suing for work, in repairing a house, done under a contract, and also for extra work, having proved the work under the contract, may prove that certain portions of the whole work done was extra work, by a sworn measurer, to whom the work, claimed to be extra work, was pointed out by the plaintiff.

Evidence of conversations between the defendant and a party to whom he had mortgaged the property, to show the consideration for which the mortgage was given, held subsequent to the doing of the work by the plaintiff, and not in his presence, are not admissible in evidence as against him.

Declarations of a party showing that he claimed the funds attached in the hands of the garnishee, are not admissible in evidence as against the plaintiff, nor is such a party a competent witness for the garnishee, because of his interest in the result of the suit.

APPEAL from the Court of Common Pleas.

Attachment on warrant, issued October 26th, 1855, at the instance of the appellee, to affect the rights and credits of John Levi, a resident of Texas, and laid in the hands of Leffler, January 4th, 1856. The cause of action, on which the attachment issued, was a carpenter's bill for work done by the plaintiff in repairing a house and premises, belonging to Levi, on Barre street, in Baltimore, a part of which was done under a

69    v.18

*contract* between the parties, dated July 26th, 1855, and the balance for *extra work* done on the same premises. The contract specifies the work to be done under it, for $455, and the bill for extra work amounted to $115.59, making, (after deducting a credit of $150;) the plaintiff's claim $420.59. The garnishee pleaded *nulla bona.* In answer to the interrogatories he stated, that before the institution of this suit he purchased from R. W. Raisin a mortgage on the premises, to secure a claim of $1000, and did not retain any money to pay the plaintiff, but did retain $420. of the purchase money, to await the result of the claim of *Allard vs. Levi,* upon a lien filed against the property, and agreed to pay interest on this sum of money until it was paid over; that in case the lien was defeated, the money was to be paid to Raisin, but in case the property was responsible, then to be used by him in clearing off the title, and that he gave an agreement in writing to that effect to Raisin, and that this amount is still in his hands. The case was tried November 14th, 1856.

*1st Exception:* The plaintiff proved the doing of the work under the contract, (which was produced, and its execution proved,) between him and Levi, and also proved extra carpenter and other work done on the house, as set forth in the bill for extra work, filed with the claim, upon which the attachment issued. The plaintiff then proved by Mr. Seacomb, that he, in company with Wm. Q. Caldwell, went upon the premises and measured certain work pointed out by the plaintiff, and that the work and materials so pointed out and measured, amounted to $116.04, as per measurer's bill. The plaintiff offered at the same time to prove that the items in the measurer's bill were the extra work above proved, to which testimony the defendant objected, but the court (MARSHALL, J.) overruled the objection, and to this ruling the defendant excepted.

*2nd Exception:* The plaintiff then proved by another witness, that he, the plaintiff, called upon Levi with a bill, after the work was done, and Levi expressed his satisfaction with

the work, and promised to pay the bill in the month of October ensuing. The plaintiff also proved by Watson, that he, witness, was employed by Raisin to do work upon the house of Levi, and Raisin promised to pay his bill as soon as he could raise money upon a mortgage given by Levi to him, for the purpose of raising money to pay off the claims on the property, and finally did pay witness part of his bill, but said he could not pay Allard's bill, because Leffler had retained that amount in his hands to meet Allard's lien, and that witness received a small portion of his bill from Raisin, on the 30th of October 1855. The plaintiff further proved by Baughman, that he was employed by Levi, in Raisin's presence and in Raisin's office, to do certain work upon Levi's house, and that after the completion thereof he called upon Raisin, who promised to pay him as soon as he could raise the money out of a mortgage which Levi had given for the purpose of paying for the work done on the property, Raisin, at the same time, saying, that he had received only $175 from Leffler, and that Leffler had retained the amount of Allard's claim, and that he, witness, finally received part of his claim, and part remains unpaid. The plaintiff then offered and read the answers of Leffler to the interrogatories propounded to him, and here closed his case.

The defendant then proved the payment of four tax bills on the property, being State and city taxes for the years 1852 to 1855, inclusive. He then offered in evidence a mortgage of the premises in question and other property, from Levi to Cox, dated July 27th, 1855, to secure the payment of $1000, also a mortgage of the same property from Levi to Raisin, dated October 22nd, 1855, to secure the payment of $1000, and an assignment of this latter mortgage from Raisin to Leffler, dated October 24th, 1855, for the consideration of $1000. The defendant then proved by Moore, that he knew of services rendered by Raisin to Levi, in the selling of $16,000 or $17,000 worth of Texas lands, and that his commissions were from $1600 to $1800. The defendant then offered to prove by this witness, that from the conversation between Raisin and Levi, prelimi-

nary to the execution of the mortgage from Levi to Raisin, he had learned that this mortgage was to be given to secure a portion of this indebtedness. To this offer the plaintiff objected, and the court sustained the objection, and to this ruling the defendant excepted.

*3rd Exception:* The defendant then proved by Severson, that Levi was to pay Raisin ten per cent. on the sales of said lands, and then offered Raisin as a witness in the cause, but to this the plaintiff objected, on the ground that the counsel for Raisin, in their opening statement, and in reply to a question from the court, had stated that the amount in controversy belonged to Raisin, and that he was directly interested in the result of this suit. The court sustained the objection, unless the witness, on his own *voir dire*, would say, he had no interest in the result, which the witness declined to do, and to this ruling the defendant excepted.

The verdict was in favor of the plaintiff for $446.67, with interest, and from the judgment of condemnation thereon, the garnishee appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Jas. Malcolm,* for the appellant:

1st. The testimony offered by the plaintiff and set forth in the first exception, was inadmissible, because the measurement was made without notice to the appellant, and therefore liable to the objection made, the proof showing, that what was measured *was pointed out by the plaintiff,* but when and in what part of the house, does not appear, it being *certain* work, and, to relieve the testimony from this objection, it was *offered* to prove that the items were extra work, and witnesses having been examined to prove that the work was *extra* the contract.

2nd. The court erred in rejecting the testimony of Moore, as to what passed at the time of the execution of the mortgage as to the consideration; he was offered to rebut the testimony of witnesses adduced by the plaintiff, to show that it was to pay

the debt of Allard. 6 *Md. Rep.*, 319, *McDowell vs. Goldsmith*.

3rd. The testimony of Raisin was admissible to show, that the funds in the garnishee's hands were not the property of the defendant, and, therefore, not liable to condemnation. 2 *Smith's Lead. Cases, (5th Ed.,)* 76, 115. 6 *Eng. C. L. Rep.*, 466, *Ward vs. Wilkinson.* 22 *Eng. C. L. Rep.*, 129, *Grylls vs. Davies.* 52 *Eng. C. L. Rep.*, 535, *Hearne vs. Turner.* 15 *Md. Rep.*, 510, *Reynolds vs. Manning & Co.*, 6 *G. & J.*, 348, *Bruce & Fisher vs. Cook.* 9 *Gill,* 232, *Powles vs. Dilley.*

*Geo. H. Williams* and *Orville Horwitz*, for the appellee:

1st. The questions presented by the three bills of exception in this case, depend more on general principles than on authority. The first exception arises as follows: The plaintiff, in order to maintain his claim against the defendant, proved the performance of all the work sued for, which consisted of certain work done under the contract offered in evidence, and of certain *extra* work. He then proved by sworn measurers the value of certain work pointed out by himself, appearing to have been done on the premises. Having thus established the *performance* of certain extra work, and having shown the value of certain work done on the premises, he offered to prove that the work so measured and valued, was the extra work sued for, and so establish conclusively the value of that extra work. To this offer objection was made, and overruled, and exception taken. The ground of the objection it is not easy to understand. It would seem to be proper and *necessary* to identify the extra work done, as the extra work measured and valued. But it is not necessary to detain the court on this proposition, as no advantage was taken of the ruling of the judge, and no evidence offered in accordance therewith. The proof of the correctness of the bill was furnished *aliunde*.

2nd. The second exception arises as follows: The defendant having proved, by Moore, that Raisin had performed services for *him*, the defendant then offered to prove by this wit-

ness, that, *from the* conversation between Raisin and Levi, preliminary to the execution of the mortgage from Levi to Raisin, *he had learned* that the mortgage was *to be given* to secure a portion of such indebtedness. To this offer objection was made, and the objection sustained. The question, therefore, is, was this offer improperly excluded? In the first place, it is an offer made by the defendant of a conversation between himself and a third party. Can a defendant offer his own conversations in evidence, for the purpose of sustaining his own defence? The work in this case was done in July 1855, and the mortgage, referred to, was dated October 22nd, 1855. If a defendant can defeat a claim originating in July 1855, by offering in evidence his own statements in October following, it would not be difficult to turn any plaintiff out of court. See *Carson vs. White*, 6 *Gill*, 17. Nor was this an offer to give the conversation between Levi and Raisin in evidence, but it was to prove what the witness had gathered from the conversation, *his conclusion,* and not the statement of what was actually said. The offer, which was preliminary to the execution of the mortgage, was to show that it was *to be given* for a certain purpose. *Non constat,* that the purpose was not altered before its execution, and hence the necessity of looking to the mortgage itself. It will be seen that Raisin, himself the mortgagee, had stated to two witnesses, Watson and Baughman, interested in the subject matter of the conversation, that the mortgage "had been given to him by Levi for the purpose of raising money to pay off the claims on the property," and to "pay for the work done on the property," at the same time saying, that Leffler had retained the amount of Allard's claim.

3rd. And this brings us to the consideration of Raisin as a competent witness. Now it appears that the defendant's counsel had stated in the opening, and in reply to a question from the court, that the *amount in controversy belonged to Raisin,* that he was directly interested in the result, and moreover that he, Raisin, refused to say, on his *voir dire,* that he was not interested in the result, and yet he is offered as a competent witness. That this man, Raisin, is the "head and front"

of the whole defence, is manifest from an examination of the evidence. The garnishee denies that he retained the money ($420) actually to pay Allard, the plaintiff, but that he retained it to meet Allard's claim, if established, but he says distinctly, that in case Allard's lien was defeated *the money was to be paid to Raisin*. Now Raisin, it appears, had stated to two of the workmen and claimants, Watson and Baughman, before referred to, that the object of the mortgage to him was, to raise money to pay off the claims due by Levi for work done on the house of Levi. It further appears that Raisin had acted as Levi's agent, had actually, himself, employed Watson to do the work by him done, and that Baughman had been employed by Levi in Raisin's office and presence. For these reasons the mortgage was made by Levi to him, to raise money to pay the debts. It further appears that he did pay Watson and Baughman, out of the moneys received from Leffler, a small part of their claims, but as to Allard's claim, there being on record a lien, which might be enforced against the property, Leffler retained the amount necessary to meet it. If defeated, then Raisin was to receive it, under *an agreement in writing* to that effect. Here then is the actual claimant of the fund in dispute, stated by counsel to be directly interested in the result, and himself refusing, on his *voir dire*, to deny his interest, offered as a competent witness to defeat the plaintiff. It cannot be that the court erred in refusing to hear him.

Cochran, J., delivered the opinion of this court.

The questions presented by this appeal arise on three bills of exceptions taken by the appellant, the 1st, to the ruling of the court for the admission of evidence proposed, but not introduced by the appellee; and the 2nd and 3rd, to its refusal to admit evidence offered by the appellant.

It appears from the record, that the appellee, after offering evidence of the performance of a contract for carpenter's work, made by him with John Levi, and also of other work, then proved that he pointed out certain portions of the whole work done, which he claimed to be extra work, to William Q.

Caldwell, who measured and furnished an account of the items pointed out, and of their value. The appellee then proposed to offer evidence, that the work specified in this account was extra, and not included by the contract. To this offer the appellant objected, and being overruled, he then excepted. The evidence, objected to, does not appear to have been introduced, the appellee having proved, by other witnesses, the admission of Levi, that the account for all the work done was correct, and his promise to pay it. Under these circumstances, the point presented by this exception is immaterial. We think, however, that the appellant's objection was properly overruled, and that the appellee was entitled to prove, at that stage of the case, that the work pointed out by him to the measurer, was extra, and not included in that done under the contract. But even if the ruling of the court was erroneous, the appellant sustained no injury by it, as the appellee yielded to him the practical advantage of his objection, by withholding from the jury the evidence proposed. The appellant took his 2nd exception to the refusal of the court to admit the testimony of Moore, to show, from conversations between Levi and R. W. Raisin, the consideration for which Levi executed the mortgage to Raisin, afterwards assigned by Raisin to the appellant. We think there was no error in refusing to admit this evidence. The conversations between Levi and Raisin were subsequent to the performance of the work by the appellee, and not in his presence. The declarations of Levi, in these conversations, were certainly not admissible to defeat the appellee's claim; and those of Raisin, showing that he claimed the fund attached in the hands of the appellant, are not less objectionable on the ground of interest in the result of the suit. For the same reason the testimony of Raisin, the refusal to admit which constitutes the ground of the 3rd exception, was properly rejected. In our opinion there was no error in any of the rulings of the court, to which these exceptions were taken, and the judgment will therefore be affirmed.

*Judgment affirmed.*

(Decided July 9th, 1862.)